DEVIN DERHAM-BURK #104353
CHAPTER 13 STANDING TRUSTEE
DEVIN L. PACE #256514
NANETTE DUMAS #148261
JANE Z. BOHRER # 243692
P. O. BOX 50013
SAN JOSE, CA 95150-0013
Telephone: (408) 354-4413
Facsimile:  (408) 354-5513

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA - DIVISION 5

| | |
|---|---|
| IN RE:<br><br>PHYLLIS A. FLOYD,<br><br>Debtor. | CHAPTER 13 CASE NO. 16-51788 MEH<br><br>TRUSTEE'S OPPOSITION TO DEBTOR'S FOURTH AMENDED MOTION TO MODIFY CHAPTER 13 PLAN<br>(with attached Certificate of Service)<br><br>Date:  March 28, 2019<br>Time:  9:30 a.m.<br>Judge: Hon. M. Elaine Hammond |

Devin Derham-Burk, Chapter 13 Standing Trustee (the "Trustee") submits the following opposition to the fourth Amended Motion To Modify Plan (the "Fourth Amended Motion To Modify"), filed by the above-captioned debtor (the "Debtor") on March 7, 2019 [Docket #84]. The Trustee requests the Court to take judicial notice of its own files and records in this case pursuant to Fed. R. Evid. 201, made applicable to bankruptcy proceedings pursuant to Fed. R. Bankr. P. 9017.

1. **The Debtor Has Not Met Her Burden To Show That The Modification Has Been Proposed In Good Faith.**

Prior to the Debtor's $91,665.95 lump sum plan payment to the Trustee in August 2018 (a sum that is being held by the Trustee pending further order of the Court), the Debtor's last plan payment in this case in the amount of $103 was posted on December 13, 2017. The Trustee objects to the Debtor's proposal to make plan payments in the amount of $0 from month #14 onward and "pay off this case" (Fourth Amended Motion To Modify, Additional Provision) with a lump sum payment in or around April 2019, i.e., month #34 of the case. Notwithstanding the Debtor's proposed contribution of a substantial lump sum to the plan, this case would not be paid off unless the Debtor were to pay a dividend of 100% to general unsecured creditors with filed claims.

In prior iterations of this motion, the Debtor has consistently proposed to make monthly plan payments of $0 for the final 23 months of her 36-month case. Consequently, the Trustee has repeatedly objected and has requested the Court to require the Debtor to provide additional evidence beyond the filing of amended Schedules I and J on July 2, 2018 [Docket #57] to establish that the proposed monthly plan payment of $0 commencing in month #14 of the plan has been made in good faith. See Trustee's Opposition To Debtor's Amended Motion To Modify Chapter 13 Plan filed October 23, 2018 [Docket #72]; Trustee's Opposition To Debtor's Third Amended Motion To Modify Chapter 13 Plan filed December 5, 2018 [Docket #75]. The Trustee renews her objection to the Fourth Amended Modified Plan on the same basis.[1]

---

[1] The Debtor filed the Declaration In Support Of Amended Motion To Modify Plan on November 14, 2018 [Docket #73-2]. However, in the declaration the Debtor did not meet her evidentiary burden to provide a full and convincing explanation as to why she has been unable to find any job and has earned no income since losing two part-time jobs.

In that vein, in addition to renewing her request for the Debtor to provide supporting evidence in order to meet her burden to demonstrate that the modified plan has been proposed in good faith, the Trustee also requests the Debtor to specify the number of months in the modified plan that she proposes to pay a plan payment of $0. (Currently, section 1.01(a) provides that the Debtor will decrease her monthly payment to $103 for three months, "then $0 per month.")

2. The Debtor Must Increase Her Proposed Lump Sum Payment To Satisfy The "Best Interests" Test And The Feasibility Requirement.

The Trustee disagrees in two respects with the Debtor's Liquidation Analysis and Case Payout analysis, attached as page 2 to the Fourth Amended Motion To Modify.

First, since the sale of the Debtor's stock in August 2018 was an actual liquidation of an estate asset, the hypothetical chapter 7 trustee fee in the amount of $6,041 should not be included in the liquidation analysis. If that line item is excluded, the unsecured pool increases to $41,303.51 ($35,262.51 + $6,041 = $41,303.51).

Second, in the category of "Case Payout" on the second to last line, although the Debtor accurately states that she has made plan payments in this case totaling $3,649, deductions must be made in several of the preceding subcategories; otherwise those amounts will be double counted as still being owed in their entirety even though partial payments have already been made. Specifically, to date: 1) Debtor's counsel has been paid $3,237.15 in allowed fees; 2) the Internal Revenue Service has been paid a total of $92.70 in principal and interest on its secured claim; and 3) the Trustee has been paid $319.15 in statutory fees. ($3,237.15 + $92.70 + $319.15 = $3,649.) Thus, if the deduction of $3,649 from the "Total Case Payout" amount of $88,172.63 for a "Remaining Balance To Be Paid" amount of $84,523.63 is reversed, as it should be, the "Remaining Balance To Be Paid" amount reverts to $88,172.63. Moreover, if

the general unsecured amount pool amount of $35,262.51 is increased to $41,303.51 by the reversal of the $6,041 hypothetical chapter 7 trustee fee, the "Remaining Balance To Be Paid" amount further increases to $94,213.63.

Thus, instead of providing for a lump sum payment to the Trustee from funds on hand in the amount of $84,525, the proposed modified plan should be further modified to provide for a lump sum payment of all of the funds being held by the Trustee (approximately $91,665.95), with additional funds to be paid in by the Debtor to make up the shortfall.

## LEGAL ARGUMENT

Under the Bankruptcy Code, chapter 13 debtors, as well as chapter 13 trustees and unsecured creditors, have the absolute right to request modification of a confirmed plan subject only to the requirements of 11 U.S.C. § 1329 and the sound discretion of the bankruptcy judge. In re Powers, 202 B.R. 618, 622 (B.A.P. 9th Cir. 1996). At the same time, chapter 13 trustees have a fiduciary obligation to maximize distributions to creditors in this case and in all chapter 13 cases. See also In re Morris, 2012 WL 2341537, at *6 (Bankr. S.D. Cal. Jun. 7, 2012) (bankruptcy trustee's function is to increase payments to unsecured creditors), citing, United States v. Aldrich (In re Rigden), 795 F.2d 727, 730 (9th Cir. 1986).

In determining whether a particular modification is appropriate, the Court must first look to § 1329, which places several limits on the modification of confirmed plans. Modifications must be requested before completion of the confirmed plan. 11 U.S.C. § 1329(a). Additionally, permissible modifications are limited to those that will: 1) increase or reduce the amount of payments on claims of a particular class; 2) extend or reduce the time for such payments; 3) alter the amount of the distribution to a creditor whose claim is provided for by the plan to account for payments on the claim outside of the plan; or 4) reduce amounts to

be paid under the plan by actual amounts expended by the debtor for the purchase of health insurance, if certain additional criteria are satisfied. 11 U.S.C. § 1329(a)(1) – (4). Modified plans must also satisfy §§ 1322(a) and (b), 1323(c) and 1325(a) of the Bankruptcy Code. 11 U.S.C. § 1329(b). This includes the statutory requirements for plan modification in § 1325 that the modified plan must be proposed in good faith and not by any means forbidden by law, that the plan satisfies the "best interests of creditors" test, and that the debtor will be able to make all payments under the plan and to comply with the plan. 11 U.S.C. § 1325(a)(3), (a)(4), and (a)(6) (AWHFY, L.P. 2019).

The party that proposes a modified plan has the burden of providing sufficient evidence to demonstrate that the modification is warranted. In re Mattson, 468 B.R. 361, 372 (9th Cir. B.A.P. 2012). The Debtor in this case has not met that burden.

First, as to the good faith requirement of 11 U.S.C. § 1325(a)(3), the Debtor has not met her evidentiary burden. In Mattson, 468 B.R. at 367, the Court held that a plan as modified must be proposed in good faith as required by 11 U.S.C. § 1329(b)(1) which incorporates 11 U.S.C. § 1325(a)(3). The Mattson court provided specific examples of the kinds of factors that would justify a finding of good faith when a debtor has proposed a modification that has the net effect of reducing plan payments: a permanent retirement, a job change, or a health issue. Id. at 372. Here, the Debtor filed amended Schedules I and J to show increased monthly expenses that result in monthly net income of $.49. In her declaration filed in November 2018 in support of the Third Amended Motion To Modify the Debtor stated that she lost her two part time jobs in 2018 and that she could not find a new job. She suggested that her inability to find a job is due to her age (the Debtor is 59). In an era in which unemployment rates have hit record lows and in which "Help Wanted" signs are ubiquitous, the Trustee submits that without more, the

FLOYD, 16-51788 MEH    OPPOSITION TO 4TH AMENDED MOTION TO MODIFY PLAN    Page **5** of **7**

Debtor's declaration does not provide adequate evidentiary support for the Court to determine whether the Debtor's proposal in the Modified Plan to make $0 payments from month #14 onward has been made in good faith.

Second, as to the "best interests of creditors" test of 11 U.S.C. § 1325(a)(4), the statute requires that creditors shall receive *not less than* the value that they would receive in a chapter 7 liquidation. In other words, the "best interests" test is a floor, not a ceiling. Here, an estate asset was liquidated in August 2018, and the costs of liquidation are known costs. Therefore, it does not make sense to allow the Debtor to retain $6,041 that *would* have been paid to a chapter 7 trustee if the stock *were to have been liquidated* in a chapter 7 case instead of in this chapter 13 case. If the sum is excluded from the liquidation test, as the Trustee advocates, the sum of $41,303.51 will be distributed to general unsecured creditors with filed claims, as opposed to only $35,262.51 if the hypothetical chapter 7 trustee fees are included in the test.

Third, as to the feasibility requirement of 11 U.S.C. § 1325(a)(6), the reduction in proposed monthly plan payments to $0 starting in month #14 of the Modified Chapter 13 Plan results in an amount that is insufficient to pay the total required amount of $94,213.63 to holders of secured, priority, administrative claims (including recently allowed additional attorney's fees) and an unsecured pool of $41,303.51. Thus, the Modified Plan is not feasible.

## **CONCLUSION**

Based on the foregoing, the Trustee therefore requests the Court to sustain her objections and deny the Fourth Amended Motion To Modify.

March 21, 2019　　　　　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　　/s/ Nanette Dumas_____
　　　　　　　　　　　　　　　　　　　　　　Staff Attorney for Devin Derham-Burk

FLOYD, 16-51788 MEH　　OPPOSITION TO 4TH AMENDED MOTION TO MODIFY PLAN　　Page **6** of **7**

Case: 16-51788　　Doc# 89　　Filed: 03/21/19　　Entered: 03/21/19 19:33:10　　Page 6 of 7

# CERTIFICATE OF SERVICE BY MAIL
## [B.R. 7005, F.R.C.P. 5, B.L.R. 9013-3(c)]

I am not less than 18 years of age and not a party to the within case. My business address is 983 University Avenue, Los Gatos, California. I am familiar with the processing of correspondence for mailing with the United States Postal Service. Correspondence placed in the internal mail collection system at the Office of Devin Derham-Burk, Chapter 13 Standing Trustee is deposited with the United States Postal Service that same day in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

On March 21, 2019 true and accurate photo-copies of the following described documents:

**TRUSTEE'S OPPOSITION TO DEBTOR'S FOURTH AMENDED MOTION TO MODIFY CHAPTER 13 PLAN**

were placed for service, in the Trustee's internal mail collection system, in a sealed envelope to be delivered by mail with the United States Postal Service with postage prepaid, postage addressed as follows:

| DEBTOR | COUNSEL FOR DEBTOR |
|---|---|
| **Phyllis A. Floyd**<br>P.O. Box 3116<br>Santa Clara, CA 95055 | **Susan D. Silveira, Esq.**<br>Silveira Law Offices<br>2037 W Bullard Ave. #311<br>Fresno, CA 93711-1200 |

I declare under penalty of perjury under the laws of the United States of America and of the State of California that the foregoing is true and correct, and that this declaration was executed on March 21, 2019 at Los Gatos, California.

/s/ Nanette Dumas

FLOYD, 16-51788 MEH   OPPOSITION TO 4TH AMENDED MOTION TO MODIFY PLAN   Page **7** of **7**